a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JANCEY VALLE, Petitioner | CIVIL DOCKET NO. 1:19-CV-1327-P |
| VERSUS | JUDGE DRELL |
| CHRIS McCONNELL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by *pro se* Petitioner Jancey Valle ("Valle") (#25144-050). Valle is an inmate in the custody of the Federal Bureau of Prisons ("BOP") incarcerated at the United States Penitentiary in Pollock, Louisiana. Valle challenges the length of his sentence based on a sentencing enhancement.

Because Valle cannot meet the requirements of the savings clause of § 2255, the Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

### I. Background

Valle pleaded guilty pursuant to a plea agreement to Count Two of the Indictment, which charged him with conspiring to commit a Hobbs Act robbery in violation of 18 U.S.C. § 1951. Valle v. United States, 13-CR-58, 2015 WL 11090666 (S.D.N.Y. July 15, 2015). Pursuant to the plea agreement, the parties stipulated to a guidelines range of 151 to 188 months of imprisonment based on Valle's status as a career offender under § 4B1.1 of the United States Sentencing Guidelines ("USSG").

Id. Through the plea agreement, Valle waived his right to collaterally attack his conviction or sentence through a motion to vacate under 28 U.S.C. § 2255. Id.

Nonetheless, Valle filed a motion to vacate under § 2255, which was denied. Id. Valle then sought authorization from the United States Court of Appeals for the Second Circuit to file a successive § 2255 motion. In denying authorization, the court noted that Valle's challenge to USSG § 4B1.2 was barred by the collateral attack waiver in Valle's plea agreement. (Case 16-1822, 2nd Cir., 2/3/17).

In his § 2241 Petition, Valle alleges that the sentencing court erred in applying the career offender enhancement, which makes him actually innocent of a crime of violence designation under the USSG.

## II. Law and Analysis

A federal prisoner may challenge his sentence under either §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed. See Reyes–Requena v. U.S., 243 F.3d 893, 900–01 (5th Cir. 2001) (citing Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000)). In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. See Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (citing United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)). The claims that are cognizable under § 2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the

sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

Valle previously filed a § 2255 motion, which was denied. Valle, 2015 WL 11090666, *1. Therefore, he cannot file another § 2255 motion without authorization from the United States Court of Appeals.

Section 2255 contains a "savings clause" provision, which is a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack, 218 F.3d at 452. The clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies. To fall under this provision, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. See Reyes–Requena, 243 F.3d at 904.

Valle argues that he is eligible to proceed under the savings clause because of Rosales-Mireles v. United States, 138 S.Ct. 1897 (2018). In Rosales-Mireles, the Supreme Court considered the proper application of Rule 52(b) of the Federal Rules of Criminal Procedure to a non-preserved USSG error on direct appeal. Rosales-Mireles did not address the question of when an inmate may bring a claimed USSG error via § 2241, and it is not relevant to Valle's claim. See id. at 1903. Rosales-Mireles did not establish a new rule of constitutional law that applies retroactively to cases on collateral review. Fane v. United States, 18-CV-3261, 2019 WL 4170810, at *3 (C.D. Ill. Sept. 3, 2019); United States v. Hamilton, 02-40157, 2019 WL 2160835, at *2 (D. Kan. May 17, 2019); Rembert v. United States, 2:12-CR-00066, 2019 WL 1982521, at *2 (D. Me. May 3, 2019), report and recommendation adopted, 2019 WL 2314674 (D. Me. May 30, 2019); Kittrells v. Warden, FCI McDowell, CV 1:18-01365, 2019 WL 4317024, at *4 (S.D.W. Va. Feb. 7, 2019), report and recommendation adopted, 2019 WL 4309027 (S.D.W. Va. Sept. 11, 2019); McClurkin v. United States, 11-CR-0460, 2018 WL 4952794, at *2 (D. Md. Oct. 11, 2018); United States v. Twitty, 98-CR-826, 2018 WL 4506802, at *5 (D.S.C. Sept. 20, 2018).

Moreover, Valle does not show that he is actually innocent of the crime for which he was convicted. Valle's argument is premised on being innocent of a crime of violence—the basis for the career offender sentencing enhancement under USSG § 4B1.1. Such a claim is not the type of actual innocence claim contemplated by the savings clause. Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000) (petitioner's argument that his underlying conviction could not support application of the career

offender provisions is not the same as an argument that "he is innocent of the crime for which he was convicted," and the former, even if correct, would not entitle him to proceed under § 2255's savings clause); Chester v. Joslin, 3:05-CV-2327, 2006 WL 537653, at *2 (N.D. Tex. Feb. 23, 2006), report and recommendation adopted, 2006 WL 686573 (N.D. Tex. Mar. 16, 2006), aff'd, 210 F. App'x 353 (5th Cir. 2006). As the Fifth Circuit has repeatedly emphasized, the savings clause only relates to "[conviction] of a nonexistent offense"—not to "innocence" of a sentencing enhancement. Maddox v. Maye, 455 F. App'x 435, 437 (5th Cir. 2011) (unpublished) (citing Kinder, 222 F.3d at 213); Roberts v. Willis, 19-CV-0879, 2019 WL 5096093, at *3 (W.D. La. Sept. 24, 2019), report and recommendation adopted, 2019 WL 5096116 (W.D. La. Oct. 10, 2019). Therefore, Valle cannot meet the requirements of the savings clause.

## III. Conclusion

Because Valle cannot meet the requirements of the savings clause of § 2255(e), the Petition (Doc. 1) should be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Lang's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and

---

[1] Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); Reed v. Young, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 12th day of November, 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE